UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

PAUL CREARY,

                Petitioner,

- against -

UNITED STATES OF AMERICA

                Respondent.
------------------------------------------------------X

**OPINION AND ORDER**

11 Civ. 6441 (SAS)

04 CR 983 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/12

SHIRA A. SCHEINDLIN, U.S.D.J.:

# I. INTRODUCTION

On August 30, 2011, Paul Creary ("petitioner" or "Creary") filed this pro se motion to vacate, set aside or correct his sentence pursuant to section 2255 of Title 28 of the United States Code ("section 2255"). Creary challenges his March 24, 2009 sentence on the ground that he was denied effective assistance of counsel. In particular, Creary asserts that his defense counsel was ineffective for: (1) failing to properly and adequately investigate petitioner's case; (2) failing to obtain and present alibi evidence; (3) failing to request that the Court impose a sentence based on the drug that carried a lesser sentence "in situation[s] as this involving the conviction and general verdict for multiple drugs"; (4) failing to present independent evidence in support of his birth record; (5) failing to

the jury selection pool; (6) failing to advise the petitioner of the consequences of deportation; and (7) failing to seek a remedy for an Article 36 violation to the Vienna Convention on Consular Relations.[1]  For the following reasons, the Petition is denied.

## II.   BACKGROUND

### A.   The Offense Conduct

On September 9, 2004, Creary was indicted on the following three counts: (1) conspiracy to distribute and possess with intent to distribute powder cocaine and cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), 841(b)(1)(C), and 841(b)(1)(A); (2) possession of cocaine with intent to distribute on March 31, 2004, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C), and 18 U.S.C. § 2; and (3) possession of fifty grams or more of crack with intent to distribute on April 28, 2004, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A) and 18 U.S.C. § 2.[2]

### B.   The Government's Case at Trial

The evidence at Creary's trial included testimony by federal agents who were investigating Creary for producing and distributing fraudulent

---

[1]   *See* Petition for a Writ of Habeas Corpus ("Petition") at 4-7.

[2]   *See* Respondent's Memorandum in Opposition to Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence ("Opp. Mem."), at 2.

documents.[3]  The investigation included four months of court-authorized wiretaps of his cellular phone and videotape surveillance of one of two transactions.[4] During the investigation, Senior Special Agent Ricky Miller showed a Government confidential informant ("CI"), Orville Walsh, a picture of Creary with no identifying notations.[5]  Walsh identified Creary and explained that he knew him from years before in both the Bronx and Philadelphia.[6]  Walsh agreed to help with the investigation, arranged a meeting with Creary and further agreed to wear a body wire and record his phone calls with Creary.[7]  During these meetings with Walsh, Creary agreed to help Walsh secure drugs in addition to fraudulent documents.[8]

       The two meetings between Walsh and Creary took place in a McDonald's parking lot in the Bronx.[9]  Special Agent Kenneth Straut of Immigration and Customs Enforcement, conducted surveillance of these meetings:

---

[3]    *See* Trial Transcript ("Tr.") at 43-44.

[4]    *See id.* at 49.

[5]    *See id.* at 45.

[6]    *See id.* at 119-124.

[7]    *See id.* at 55-57.

[8]    *See id.* at 57, 130-135.

[9]    *See id.* at 60, 79-82.

he testified to seeing a gray BMW sedan registered to Creary at the March 31, 2004 meeting and a gray Mercedes SUV driven by Creary at the April 28, 2004 meeting.[10]  During the first exchange, Creary sold Walsh five thousand dollars worth of powder cocaine.[11]  One month later, Creary again met with Walsh to sell him eight thousand dollars worth of crack cocaine.[12]  During both transactions, Creary contacted his supplier, Otis Wright, to get the drugs and determine the price and quantity of the sales.[13]

### C. The Defense Case

At trial, Creary testified in his own defense but counsel called no other witnesses.  Creary testified that he was born in Alabama on June 18, 1975.[14]  He admitted to being in the business of creating fraudulent identification documents.[15]

---

[10]     *See id.* at 63, 82.

[11]     *See id.* at 62-65.

[12]     *See id.* at 81.

[13]     *See id.* at 84-85, 154, 157.

[14]     *See id.* at 261. During the Government's rebuttal case, it offered into evidence a "certificate of failure to find – state of Alabama department of public health statistics, office of vital records" stating that there was no certificate of live birth found for Creary in Alabama after searching through records from 1970 to 1980.  The Government maintains that Creary lied about his date of birth.  *See* Tr. 338.

[15]     *See id.* at 272-273.

Creary did not dispute that he was present at both drug deals, confirming the dates, locations, prices and approximate quantities of drugs he obtained from his supplier.[16] However, he also testified that he believed the meetings with Walsh were mainly to supply fake documents and that he did not want to be involved with drugs.[17] Creary stated that he was entrapped into the drug portion of the deals and felt harassed into assisting Walsh. Creary was convicted of all three counts on November 7, 2005.

### D. Sentencing

The Probation Office prepared a Presentence Report ("PSR"), which calculated an offense level of 34 and a Criminal History Category of I, resulting in a Guidelines range of 151 to 188 months imprisonment. On May 11, 2006, Judge John Sprizzo sentenced Creary to 161 months imprisonment, followed by five years of supervised release.[18] The Court rejected Creary's request for safety-valve eligibility because Creary's testimony often contradicted the tape recordings.  .[19]

---

[16]    *See id.* at 307-310.

[17]    *See id.* at 276-277.

[18]    *See* May 11, 2006 Judgment in a Criminal Case, at 2 [docket # 39].

[19]    On remand, the re-sentence was imposed to run consecutive to the forty-six month sentence for conspiracy to commit fraud imposed by Judge Kevin Thomas Duffy on April 25, 2006. *See* 04 CR 971 (KTD).

### E. Creary's Direct Appeal and Re-sentencing

On May 22, 2008, the Second Circuit affirmed Creary's conviction.[20] The Court of Appeals held that the evidence at trial was sufficient to prove that Creary had not been entrapped. The Court based its decision on: (1) the testimony of the confidential informant that he and Creary dealt drugs together in Philadelphia; (2) the fact that Creary showed a clear understanding of the going rate for drugs in New York City; and (3) the jury's ability to have reasonably concluded from the various recorded meetings that Creary was ready and willing to deal drugs.[21] However, the Court remanded the case for re-sentencing in light of the Supreme Court's decision in *Kimbrough v. United States*.[22] On March 24, 2009, this Court re-sentenced Creary to 121 months imprisonment.[23] Creary again appealed to the Second Circuit. The Second Circuit granted the Government's

---

[20] *See United States v. Creary*, 278 Fed. App'x 70, 72 (2d Cir. 2008).

[21] *See id* at 71.

[22] 528 U.S. 85 (2007).

[23] *See* 3/24/09 Amended Judgment in a Criminal Case, Ex. G to the Opp. Mem. at 1. I was reassigned this case on January 30, 2009, following the death of Judge Sprizzo. On re-sentencing in the narcotics case, this Court imposed a sentence to run consecutive to the forty-six month sentence for conspiracy to commit fraud in connection with identification documents imposed by Judge Kevin Thomas Duffy. *See* 04 CR 971.

motion for summary affirmance on May 24, 2010.[24] On August 30, 2011, Creary filed the instant Petition.

### III.  APPLICABLE LAW

####   A.     Section 2255

Section 2255 permits a convicted person held in federal custody to petition the sentencing court to vacate, set aside, or correct a sentence. A properly filed motion under section 2255 must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[25]  Accordingly, collateral relief under section 2255 is permitted "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"[26]

---

[24]    *See* 5/24/08 Second Circuit Mandate (docket # 54).

[25]    *See* 28 U.S.C. § 2255.

[26]    *Cuoco v. United States*, 208 F.3d 27, 29 (2d Cir. 2000) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

B.     **Ineffective Assistance of Counsel**

A petitioner seeking to attack his sentence based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice," namely, demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[27]

When analyzing a claim that counsel's performance did not meet constitutional standards, "judicial scrutiny of counsel's performance must be highly deferential."[28] The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[29] "In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices."[30] Constitutionally inadequate performance may be established if a habeas petitioner "shows that

---

[27]    *Strickland v. Washington*, 466 U.S. 668, 693–94 (1984).

[28]    *Id.* at 689.

[29]    *Id.*

[30]    *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) (quoting *Stickland*, 466 U.S. at 690).

counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."[31]  Nonetheless, "[t]he failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a][p]etitioner [i]s entitled."[32]  Finally, even if an attorney's performance was objectively unreasonable and unprofessional, a petitioner must still prove prejudice.[33]  There is, however, a presumption of prejudice when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing."[34]  For this exception to apply, the attorney's failure "must be complete."[35]  As explained by the Supreme Court, the order of analysis of the two *Strickland* prongs is at the discretion of the court:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice

---

[31]     *Clark v. Stinson*, 214 F.3d 315, 322 (2d Cir. 2000).

[32]     *Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) (quotation marks and citations omitted).

[33]     *See Stickland*, 466 U.S. at 687.

[34]     *United States v. Cronic*, 466 U.S. 648, 659 (1984) (emphasis added).

[35]     *Bell v. Cone*, 535 U.S. 685, 697 (2002).

suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.[36]

## IV. DISCUSSION

### A. Failure to Investigate

Creary argues that his trial counsel failed to properly investigate, research and otherwise adequately prepare for his case, as counsel was only appointed two weeks before the start of the trial.[37] Creary fails to point out how his defense counsel was deficient. His counsel gave a solid opening, offered an entrapment defense for his client, and cross-examined witnesses in a thorough manner. Without adequate preparation, none of this would have been possible.

---

[36] *See Stickland* at 697. *See also id.* at 693 ("Even if a defendant shows that particular errors of counsel were unreasonable, . . . the defendant must show that they actually had an adverse effect on the defense. . . [and] there is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). *Accord Farrington v. Senkowski*, 214 F.3d 237, 242 (2d Cir. 2000) (stating that courts need not resolve the *Strickland* performance prong if the prejudice prong is more readily resolved).

[37] *See* Petition at 4. Creary requested the change in counsel two weeks before trial.

Even if there were any deficiencies in counsel's trial preparation, Creary has not made a showing of prejudice. Accordingly, Creary's ineffective assistance of counsel claim for failure to investigate is denied.

### B. Failure to Present Creary's Alibi

Creary claims that counsel was ineffective because he did not look into Creary's school records which would have purportedly given him an alibi on the days of the drug deals. "To prove ineffective assistance of counsel on these grounds, petitioner must demonstrate that counsel's decision not to prepare an alibi defense was strategically unsound, unreasonable, and prejudicial under *Strickland*."[38] Further, "Counsel is not required to present every nonfrivolous defense, but instead, should 'winnow out weaker arguments' and select witnesses and evidence that reflect counsel's strategy."[39]

Counsel's decision not to present an alibi witness was a sound defense strategy. Creary confirmed on cross-examination that he had been present at both drug deals. Creary's entire defense strategy was his claim that he had been entrapped, that he had been harassed into participating in the drug portion of the deals, and that his main purpose was to supply fraudulent documents. Defense

---

[38] *Osorio v. Conway*, 496 F. Supp. 2d 285, 304 (S.D.N.Y. 2007).

[39] *Id.* (quoting *Jones v. Barnes,* 463 U.S. 745 (1983)).

counsel's strategic decision to claim entrapment and not present an alibi for Creary was not unreasonable. Presenting an alibi, and then testifying that he was present at both drug deals would have meant that Creary gave perjured testimony. Nor can Creary claim prejudice, as he admitted that he was present at the drug deals. Therefore, Creary's ineffective assistance of counsel claim for failure to provide an alibi is denied.

### C. Failure to Request a Lenient Statutory Sentence

Creary next argues that his counsel was ineffective for failing to seek a sentence under the drug that carried the most lenient statutory sentence. In this case, Creary was convicted of selling both powder cocaine and crack. At the time of sentencing, selling crack called for a higher sentence than selling powder cocaine. The Guidelines called for a sentence between 151 and 188 months imprisonment. Judge Sprizzo imposed a sentence of 161 months (the lowest sentence within the Guidelines plus an additional ten months imprisonment due to Creary's perjured testimony). Further, Creary's sentence was reduced to 121 months upon remand.[40] Regardless of whether counsel's failure to ask for a more lenient sentence could be considered unreasonable, Creary is unable to demonstrate

---

[40] In any event, Creary's crack offense carried a ten-year mandatory minimum term of imprisonment under 21 U.S.C. § 841(b)(1)(A). Therefore, Creary was not eligible for a sentence of less than 120 months imprisonment.

that he was prejudiced by his counsel's alleged deficiency given the statutory mandatory minimum. Accordingly, Creary's ineffective assistance of counsel claim based on counsel's failure to request a more lenient sentence is denied.

### D. Failure to Present Witnesses on Creary's Age

Next, Creary argues that trial counsel was ineffective for failing to present witnesses to support his claim that he was younger than the age supplied by the Government's witness. More specifically, Creary believes that had witnesses been called to verify the information on his birth certificate, they would have confirmed that he was not an adult when Walsh and Creary allegedly met in 1987-1988, demonstrating that Walsh had lied.

However, defense counsel raised this issue when cross-examining Walsh in an attempt to discredit him. Counsel attacked Walsh's credibility about his earlier encounters with Creary by asking "Mr. Walsh, would it surprise you to know that in 1987, Mr. Creary was 13 years old? Would that surprise you?"[41] Therefore, evidence of Creary's alleged young age was before the jury, even without the use of a birth certificate. The jury heard that he was a minor at the time of the alleged alliance in the 1980's, and still found him guilty of the charged crimes. It was not unreasonable for defense counsel not to call any further

---

[41] Tr. at 205.

witnesses to verify Creary's age.  Nor can Creary show that there was any prejudice as a result of this decision. Therefore, habeas relief based on this claim is denied.

### E.     Failure to Challenge Jury Wheel Pool

Creary argues that his counsel was ineffective for failing to request an inspection of the jury selection process.  Creary does not offer a basis for believing that there was any deficiency in the jury pool.  Therefore, there is no basis to conclude that counsel's failure to address this issue was unreasonable or prejudicial. Accordingly, Creary's ineffective assistance of counsel claim on this ground is denied.

### F.     Failure to Inform Creary of Immigration Consequences

Creary argues that counsel failed to inform him of the potential adverse immigration consequences associated with his offenses.  Even if counsel had failed to inform Creary, and this failure could be considered to be below a standard of reasonableness, Creary has not shown prejudice because the immigration consequences would have been the same regardless of Creary's lack of notice. Accordingly, habeas relief on this claim is denied.

### G.     Article 36 Violations

Finally, Creary argues that his counsel failed to seek a remedy for the Government's violation of Article 36 of the Vienna Convention on Consular

Relations, as a mitigating factor in sentencing. Article 36 "requires a host state to notify the consul of a foreign state when a national of that foreign state is arrested."[42] The Second Circuit has held that Article 36 "do [es] not create any fundamental rights for a foreign national."[43] Therefore, even assuming the Government did not notify the Jamaican Consulate of Creary's arrest, the Government's failure to comply with the Vienna Convention is not a constitutional violation, nor is it a ground for vacating a sentence.[44]

Creary has satisfied neither prong of the *Strickland* test. First, the failure to raise the Article 36 violation did not fall below an objective standard of reasonableness. Petitioner cites no binding caselaw suggesting that, at the time of his sentencing, the violation of Article 36 could have been used as a mitigating factor in sentencing.[45] In addition, because Creary "fails to show that he suffered any prejudice as a result of the violation of the Vienna Convention, he is also unable to demonstrate that he was prejudiced by his counsel's failure to raise the

---

[42] *Moyhernandez v. United States*, No. 02 Civ. 8062, 2004 WL 3035479, at *2 (S.D.N.Y. Dec. 29, 2004). *Accord Blumenberg v. United States*, No. 05 Civ. 9416, 2008 WL 1944012, at *6 (S.D.N.Y. Apr. 30, 2008).

[43] *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001).

[44] *See Dimas-Lopez v. United States*, No. 00 CR 153, 2005 WL 1241890, at *3 (S.D.N.Y. May 25, 2005).

[45] *See Blumenberg*, 2008 WL 1944012, at *6.

violation in this Court in connection with sentencing and thus he is unable to meet the second prong of *Strickland*."[46]  Accordingly, Creary's ineffective assistance of counsel claim on this basis is denied.

## V. CONCLUSION

For the foregoing reasons, Creary's section 2255 motion is denied. The remaining issue is whether to grant a Certificate of Appealability ("COA"). For a COA to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."[47]  A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[48]  Petitioner has made no such showing. Accordingly, I decline to grant a Certificate of Appealability. The Clerk of the Court is directed to close the instant motion [Docket # 1] and this case.

---

[46]  *Id.*

[47]  28 U.S.C. § 2253(c)(2).

[48]  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot* v. *Estelle,* 463 U.S. 880, 893 and n.4 (1983) (quotation marks and citation omitted)). *Accord Middleton* v. *Attorneys Gen. of the States of New York and Pennsylvania,* 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:	New York, New York
	September 5, 2012

-Appearances-

**Petitioner (Pro Se):**

Paul Creary
F.C.I. Fort Dix
Room 321 Westside
P.O. Box 7000
Fort Dix, NJ 08640

**For Respondent:**

Jason P.W. Halperin
Assistant United States Attorney
300 Quarropas Street, 3rd Floor
White Plains, NY 10601
(914) 993-1933